UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES SPICE CO. and
MARVIN "SKIP" ASMUS III

       Plaintiffs,                           No. 05-70387

v.                                         Hon. John Corbett O'Meara

GB SEASONINGS, INC.,

       Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

This is a dispute regarding the enforceability of a covenant not to compete and an alleged breach of an employment agreement. The action was removed by the defendant on the basis of diversity jurisdiction. Plaintiffs claim that the amount in controversy requirement has not been met and ask for remand to state court. The court heard oral argument on April 8, 2005. For the following reasons, plaintiffs' motion to remand is denied.

## **Background**

Plaintiffs are Skip Asmus and his current employer, Great Lakes Spice Company. Defendant is GB Seasonings, Inc. Asmus Spice Company, Skip Asmus's former employer, was acquired by Asmus Acquisition Company, which in turn was acquired by GB Seasonings, Inc. Skip Asmus recently started a new spice company with a partner and began soliciting GB Seasonings' clients. GB Seasonings threatened to enforce a five-year covenant not to compete in Asmus Spice Company's purchase agreement with Asmus Acquisition Company.[1] Plaintiffs'

---

[1] Asmus also had a two-year non-compete covenant with Asmus Acquisition Company that was included in an employment contract between Skip Asmus and Asmus Acquisition Company.

counsel sent a letter to GB Seasonings indicating that the agreement was not enforceable and they would file a "vigorous countersuit" in the event that GB Seasonings sought to enforce the agreement. The letter claimed Asmus was illegally terminated from Asmus Acquisition Company, which "caused him to suffer enormous financial and emotional damage, including hundreds of thousands of dollars of financial damage, and even a divorce." Defendants maintained the covenant should be enforced.

Plaintiffs filed a two-count complaint in Macomb County Circuit Court seeking declaratory relief regarding the non-competition agreement and a claim for breach of contract/wrongful discharge. Defendants removed the action to this court. Plaintiffs filed a motion for remand, and pursuant to a local rule attached affidavits itemizing damages from both plaintiffs. Great Lakes Spice Company seeks no money damages. It seeks only a declaratory ruling regarding the non-compete obligation. Skip Asmus seeks $54,860 in lost salary for one year, and $20,000 "for all other financial and non-economic damages in this matter, including interest, mental anguish, pain and suffering, exemplary damages and attorneys' fees." Asmus Affidavit at 2. The affidavit further states that Asmus is not seeking money damages in excess of $75,000 and he does not intend to request additional damages.

## Law and Analysis

In disputes regarding the amount in controversy requirement, the removing defendant has the burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Gafford v. General Electric Co., 997 F. 2d 150, 158 (6th Cir. 1993). It is possible for a plaintiff to escape diversity jurisdiction by specifically pleading damages in an amount less than the amount in controversy. The plaintiff is master of his claim. The Eastern

District of Michigan's Local Rule 81.1 specifically addresses the situation where an amount in controversy is potentially ambiguous:

> If a plaintiff moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, the plaintiff must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate.

LR 81.1(d) (E.D. Mich March 2, 1998).  Plaintiffs have followed this requirement, and claim to seek only $74,860 in money damages.

However, the declaratory relief sought by plaintiffs must be included when determining the amount in controversy.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  Hunt held that the value of an injunction striking down a state law was equal to the losses that followed from the statute's enforcement.  Id.  Here, the potential losses to Asmus and Great Lakes Spice Company from the enforcement of the five-year non-compete clause are the amount in controversy for the declaratory relief.  The court at this point need not put a specific dollar amount on the value of this declaratory relief.  It is sufficient that the value far exceeds $141, which is the amount necessary to meet the total amount in controversy requirement for Asmus's claims.  Plaintiffs respond that the five-year non-compete clause is not valid and the value of the claim is therefore nothing.  However, this is an argument on the merits of the case, not one regarding the potential amount in controversy if the court sided with defendants.

Asmus's aggregated claims meet the amount in controversy requirement.  Because Great

Lakes Spice Company's claim for declaratory relief regarding the covenant not to compete is closely related to Asmus's claim for declaratory relief, the court will exercise supplemental jurisdiction to hear Great Lakes Spice Company's claim. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); 28 U.S.C. § 1367(c).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' February 17, 2005 Motion to Remand is **DENIED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: April 26, 2005