UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES SPICE CO. and MARVIN
"SKIP" ASMUS, III,

        Plaintiffs,

Case No. 05-70387

Honorable John Corbett O'Meara

v.

GB SEASONINGS, INC.,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT,
DENYING PLAINTIFFS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT,
AND GRANTING DEFENDANT'S MOTION TO ADD A NON-PARTY**

This matter came before the court on defendant GB Seasoning's June 25, 2005 motion for partial summary judgment. Plaintiffs filed a cross motion for partial summary judgment August 5, 2005. On August 18, 2005, Defendant filed a motion to add a non-party as a counter defendant. Plaintiff filed a response August 31, 2005. The motions were heard September 29, 2005; and the parties filed supplemental briefs October 7, 2005.

**BACKGROUND FACTS**

Plaintiff Skip Asmus was a shareholder, director and officer of Asmus Spice Company. Asmus Acquisition Company purchased all of the assets of Asmus Spice and sold them to Pacific Holding, which in turn sold the same assets to defendant GB Seasonings. The Asset Purchase Agreement between Asmus Spice Company and Asmus Acquisition Company set forth the following terms regarding a covenant not to compete:

> After the Closing, without the prior written consent of Buyer, neither the Company [Asmus Spice] nor Marvin Asmus, Marvin "Skip"

> Asmus III or Tom Fritz will, directly or indirectly, . . . engage in any business competitive with the Business . . . in any state of the United States of America or of any country in the world where the Company conducted business at any time during the two-(2)-year period preceding the Closing Date . . . .  This covenant not to compete shall extend for a period of five (5) years from the Closing Date . . . .

Defendant's Ex. A at §§ 1.1.10 and 1.1.13.

As a shareholder, Skip Asmus agreed to and personally executed the Written Consent of the Shareholders of Asmus Spice Company dated August 27, 2001, approving the sale of Asmus Spice's assets to Asmus Acquisition.  In his capacity as a director, Skip Asmus similarly agreed to and personally executed the Written Consent in Lieu of Special Meeting of the Board of Directors of Asmus Spice Company dated August 27, 2001.

The covenant provided a period of five years in which the former key employees of Asmus Spice would not compete against the purchaser.  To further protect the competitive position of the purchaser, it was anticipated that Skip Asmus would become an employee of, and use his contacts and knowledge of the spice business for, the purchaser following the sale.  Accordingly, Skip Asmus and Asmus Acquisition negotiated an employment agreement and an employee non-competition agreement.  The employment agreement was never executed, but it would have made Skip Asmus the administrative manager for one year.  The employee non-compete agreement *was* executed, however; and it provided a non-competition period of two years from the last date of services provided by Skip Asmus as an employee of Asmus Acquisition. Defendant argues that because Skip Asmus never became an employee, the two-year, non-compete agreement never became operative.

The cross motions for partial summary judgment refer only to Count I, which seeks declaratory relief regarding a non-competition agreement.

## **LAW AND ANALYSIS**

Asmus Acquisition merged into Pacific Holdings and then into GB Seasonings effective January 1, 2004. Plaintiffs' first argument is that the original Asset Purchase Agreement entered into between Asmus Spice and Asmus Acquisition cannot be enforced by subsequent purchasers. However, the Agreement itself provides, "This covenant not to compete shall extend for a period of five (5) years from the Closing Date, or until such earlier time as Buyer, **its successor or assigns**, shall cease to carry on or have an interest in the Business or the Acquisition Assets." Ex. A at § 6.10(a) (emphasis added). Therefore, because the language of the Agreement expressly provides for it, the covenant may be assigned, and the court finds that it was assigned, to GB Seasonings as a subsequent purchaser.

In cases concerning the enforceability of covenants not to compete, courts have reviewed the agreements to determine whether they were reasonable in their restrictions of duration and geographic area. Covenants made in connection with the sale of a business are generally viewed more favorably than those given in the employer/employee context. All covenants not to compete, however, must be reasonable both as to the term and breadth of the restraint. Owens v. Hatler, 373 Mich. 289, 293 (1964). In Thermatool Corp. v. Borzym, Inc., 227 Mich. App. 366, 378 (1998), the covenant at issue was for five years; and the Michigan Court of Appeals did not invalidate it because of its duration. In this case the covenant not to compete is also for five years. Although it seems long in duration, the court will find it to be reasonable in this case because there is no dispute that Skip Asmus, as a director, shareholder and officer of the seller received proceeds from the sale of the business. Though the term "worldwide" may seem to describe too great an area geographically, the "spice world" is actually that large. Furthermore, the covenant at issue is restricted to areas in which Asmus Spice did business only in the two years prior to the closing date with Asmus

3

Acquisition.  Therefore, the court will find that the covenant is reasonable in terms of duration and geographic area.

Plaintiffs also argue that the covenant not to compete is not enforceable against Skip Asmus because he did not sign the Asset Purchase Agreement, his father did.  Thus, Plaintiffs argue, there was no mutuality of agreement.  Skip Asmus did sign, though, the Written Consent as a shareholder and another as a director of the corporation.  Plaintiffs also argue that there was no mutuality of obligation because he received nothing in return for the alleged promise not to compete.  Defendant, however, has proffered that Skip Asmus was a 25% shareholder in Asmus Spice, which received $1,450,222.81 for its assets in the sale to Asmus Acquisition.  Skip Asmus has not refuted the allegation that he received a portion of those proceeds.  See, Lee & Lee Int'l v. Lee, 261 F. Supp. 2d 665 (N.D. Tex. 2003).

On August 19, 2005, Defendant filed a motion to add Marvin L. Asmus, Jr., Skip Asmus' father, as a defendant in its counter claim.  Defendant asserts that it recently found that he is directly or indirectly competing with Defendant by funding the start up and operations of plaintiff Great Lakes Spice.  Marvin L. Asmus is bound by the non-compete agreement, as he is the one who signed the Asset Purchase Agreement.  Therefore, the court will grant Defendant's motion to add a non-party as a counter-defendant.

### **ORDER**

It is hereby **ORDERED** that Defendant's June 25, 2005 motion for partial summary judgment is **GRANTED.**

It is further **ORDERED** that Plaintiffs' August 5, 2005 cross motion for partial summary judgment is **DENIED.**

It is further **ORDERED** that Defendant's August 18, 2005 motion to add a non-party as a counter defendant is **GRANTED.**


      s/John Corbett O'Meara
      John Corbett O'Meara
      United States District Judge


Dated:  November 29, 2005